UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COURTNEY T. ALRIDGE )<br>)<br>)<br>Plaintiff )<br>)<br>)<br>v. )<br>) Civil Action No. _____<br>)<br>G4S SECURE SOLUTIONS (USA), INC. )<br>)<br>)<br>)<br>Defendant. ) | |

## NOTICE OF REMOVAL

\* \* \* \* \* \* \* \*

William A. Sherman of Dinsmore & Shohl LLP makes this special appearance on behalf of Defendant G4S Secure Solutions (USA) Inc. ("G4S" or "Defendant"), for the purposes of filing this Notice of Removal. Consistent with 28 U.S.C. §§ 1332, 1441 and 1446, G4S notifies this Court that it is removing the above-captioned action, currently pending as Civil Action No. 19-0002447 in the Superior Court of the District of Columbia, Washington D.C. Civil Division to the United States District Court for the District of Columbia. As grounds for removal, Defendant states as follows:

1. On or about April 17, 2019, Plaintiff Courtney Alridge filed a lawsuit in the Superior Court of the District of Columbia, Civil Division styled, *Courtney T. Alridge v. G4S Secure Solutions (USA), Inc.*, Case Number 19-0002447B, arising out of Plaintiff's employment with G4S. [*See* Exhibit A, State Court papers.]

2. This Notice of Removal is timely under 28 U.S.C. § 1446 in that it was filed within thirty days of April 22, 2019, which is the date of service on the Defendant.

3. Defendant filed this Notice of Removal on May 9, 2019.

4. The above described action is one which may be removed by Defendant consistent with the provisions of 28 U.S.C. § 1441 on the basis of diversity jurisdiction and amount in controversy, as indicated by the following circumstances:

## Diversity

5. There is complete diversity between the parties to this lawsuit. Removal is appropriate when there is complete diversity of citizenship both at the time that the case is commenced and at the time that the notice of removal is filed. Complete diversity exists when no plaintiff has the same citizenship as any defendant. *Arenivar v. Manganaro Midatlantic, LLC*, 317 F. Supp. 3d 362, 367 (D.C.C. 2018) (citations omitted).

6. Plaintiff, Courtney Alridge, was a citizen of Maryland at the time this action was commenced. [Exhibit A, Plaintiff's Complaint]. The undersigned counsel has no knowledge that Plaintiff's citizenship has changed between the time this case was commenced and the time of filing this Notice of Removal.

7. G4S is a corporation organized under the laws of Florida with a principal place of business in Florida. Thus, under 28 U.S.C. § 1332(c)(1), G4S is a citizen of Florida.

8. Since Plaintiff is a citizen of Maryland and G4S is a citizen of Florida, there is complete diversity of citizenship between the parties to the lawsuit.

## Amount in Controversy

9. The amount in controversy, exclusive of interests and costs, exceeds $75,000 as required by 28 U.S.C. § 1332(a). Plaintiff seeks both economic and non-economic damages for alleged emotional distress and loss of future earnings.

10. "When a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by plaintiff or questioned by the court." *Sloan v. Soul Circus, Inc.*, 2015 U.S. Dist. LEXIS 169565 *16 (D.C.C. 2018); *See Parker-Williams v. Charles Tini & Assocs,.* 53 F.Supp. 3d 149, 152 (D.C.C. 2014) (stating that when a court considers whether a claim meets the amount in controversy, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith."). In Plaintiff's Complaint, he explicitly states he is seeking $80,000 in damages. [Exhibit A- Plaintiff's Complaint.]

11. The court need only be convinced that it is more likely than not that the amount at issue exceeds $75,000. *See Breathe DC v. Santa Fe Natural Tobacco Co.*, 232 F. Supp. 3d 163, 167 (D.C.C. 2017) (finding removal is appropriate "if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold."). This standard does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement. Such a burden might well require the defendant to research, state and prove the plaintiff's claim for damages. *Id.* at 170.

12. If Plaintiff's claims were to succeed, it is more likely than not that any damages for future earnings and emotional distress would exceed $75,000. While employed by G4S, Plaintiff applied for a position with the U.S. Secret Service, but was allegedly denied the position following a review of his G4S personnel file. As a result, Plaintiff now seeks damages for loss of

future earnings. An average Secret Service Security Agent is paid an approximate salary of $58,213 annually. At G4S, Plaintiff was paid an hourly rate of $14.75, which results in an annual salary of approximately $30,680. If Plaintiff were selected for the Secret Service Position, he would have made an additional $27,533 in earnings each year.

13. Plaintiff also seeks damages for emotional distress. [Exhibit A, Plaintiff's Complaint.] Notably, if Plaintiff is awarded emotional distress damages equal to his potential damages for future earnings, it would push the amount in controversy calculation far beyond the jurisdictional minimum. This Court recently found that while the burden of proof rests with defendant, "this does not necessarily mean that it must always provide an item-by-item accounting of the claims. Instead, courts may consider the evidence provided to them and exercise some degree of common sense in order to independently determine whether the amount in controversy has been met." *Parker-Williams v. Charles Tini & Assocs.*, 53 F. Supp. 3d 149, 152 (*citing Busby v. Capital One, N.A.*, 932 F. Supp. 2d. 114, 132 (D.D.C. 2013)).

14. Thus, Plaintiff's express prayer for $80,000 and a reasonable and fair reading of the Complaint demonstrates that the damages at issue more likely than not exceed $75,000.

15. Given the facts and circumstances set forth above, this constitutes an action which originally could have been brought before this Court under 28 U.S.C. § 1332 and which may be removed by Defendant under 28 U.S.C. § 1441(a).

16. The United States District Court for the District of Columbia is the proper judicial district for removal, as it embraces the place, Superior Court of Washington D.C., where the action is currently pending.

17. Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district corresponding to the place, the Superior Court of Washington D.C., where the action is pending.

18. This action is not an action described in 28 U.S.C. § 1445.

19. By virtue of this Notice of Removal by special appearance, Defendant does not waive its right to respond to the Complaint and/or assert any claims, defenses, or other motions.

20. Consistent with 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendant in this action as of the date of filing of this Notice of Removal is attached. [*See* Exhibit B].

21. This Notice of Removal will be served on all adverse parties in accordance with 28 U.S.C. § 1446.

22. A true and correct copy of this Notice of Removal will be filed with the clerk of the Superior Court for the District of Columbia, Civil Division in accordance with 28 U.S.C. § 1446.

This action is properly removed from the Superior Court of the District of Columbia, Washington, D.C., to this Court for all further proceedings.

/s/ William A. Sherman
William A. Sherman, II (1005932)
Dinsmore & Shohl LLP
801 Pennsylvania Ave. NW, Suite 610
Washington, DC 20004
william.sherman@dinsmore.com
(202) 372-9100 phone
(202) 372-9141 fax
*Special Appearance on behalf of G4S*

Dated May 10, 2019

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was served via First Class Mail, Postage Prepaid, and via the Court's electronic case management system (CM/ECF) on this 10th day of May, 2019, upon the following:

Courtney T. Alridge
918 Strausberg Street
Accokeek, MD 20607
301-752-9120
OCMA.CHILLIN@gmail.com

A.J. Dhali
DHALI PLLC
1828 L. Street Suite 600
Washington D.C. 20036
ajdhali@dhalilaw.com

/s/ William A. Sherman
William A. Sherman