UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

COURTNEY T. ALRIDGE,

Plaintiff,

v.

G4S SECURE SOLUTIONS USA, INC.,

Defendants.

Civil Action No. 19-1360 (JEB)

MEMORANDUM OPINION

The United States Secret Service denied *pro se* Plaintiff Courtney Alridge's job application, and he believes that he knows why: his previous employer, Defendant G4S Secure Solutions, disclosed to the U.S.S.S. that it had previously suspended him. The problem? Alridge claims he was never suspended and that this representation was false and defamatory. As a result, Alridge filed a tort action against G4S in the Superior Court of the District of Columbia. Having removed the action to this Court, G4S has now filed a Motion to Dismiss for insufficient service of process and improper venue. As the Court finds these arguments unavailing, it will deny the Motion.

I. Background

On April 17, 2019, Alridge filed a single-paragraph, handwritten Complaint against G4S, alleging that it was "negligent with [his] employee work file." ECF No. 3 (Notice of Removal Errata), Exh. A at 4 (Complaint); see also ECF No. 11 (Plaintiff's Opposition), Exh. B (more legible copy of Complaint). More specifically, Plaintiff believes that Defendant somehow placed inaccurate suspension paperwork in his file. These papers purportedly appeared in the course of a background check when Alridge applied for a job with the Secret Service. See Compl.

1

Plaintiff claims that this mishandling of his personnel file and authentication of false documents constitute defamation and negligence. Id. He believes that these actions cost him the job with the U.S.S.S. and its accompanying increased earnings. Id. The relief requested is $80,000. Id. After receiving service of process on April 22, 2019, see Pl. Opp., Exh. A. (Return Receipt) at 1–2, Defendant removed this action from Superior Court to this Court based on diversity jurisdiction. See ECF No. 1 (Notice of Removal), ¶¶ 5–12. Plaintiff is a resident of Maryland, and G4S is incorporated in Florida. See Compl.; Notice of Removal, ¶¶ 6–7.

Almost immediately following the removal, Defendant filed this Motion seeking to dismiss Plaintiff's suit on the grounds of insufficient service of process and improper venue. See ECF No. 8 (Defendant Motion to Dismiss) at 2.

## II. Legal Standard

In the course of evaluating a defendant's motion to dismiss, the Court must accept a plaintiff's well-pleaded allegations as true and "draw all reasonable inferences in favor of the plaintiff." Myers v. Holiday Inns, Inc., 915 F. Supp. 2d, 136, 144 (D.D.C. 2013). The Court, however, does not need to accept as true "a legal conclusion couched as a factual allegation." Trudeau v. FTC, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)). The Court, furthermore, holds documents drafted by a *pro se* plaintiff to "less stringent standards" than legal documents drafted by an attorney. See Gage v. Somerset Cnty., 369 F. Supp. 3d 252, 258 (D.D.C. 2019) (citation omitted).

Service of process is a procedural requirement that "must be satisfied . . . before a federal court may exercise personal jurisdiction over a defendant." Lemma v. Hispanic Nat'l Bar Ass'n, 318 F. Supp. 3d 21, 24 (D.D.C. 2018) (citing Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987)). When evaluating a motion to dismiss for insufficient service

under Rule 12(b)(5), the plaintiff bears the burden of showing that he properly served the defendant. See Light v. Wolf, 816 F.2d 746, 751 (D.C. Cir. 1987). The court has discretion to dismiss the claim or allow the plaintiff to correct service of process. See Wilson v. Prudential Fin., 332 F. Supp. 2d 83, 89 (D.D.C. 2004).

When a plaintiff brings suit in an improper venue, the district court "shall dismiss [the case], or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); see also Fed. R. Civ. P. 12(b)(3) (stating that defendant may assert improper venue via motion). "Because it is the plaintiff's obligation to institute the action in a permissible forum, the plaintiff usually bears the burden of establishing that venue is proper." Freeman v. Fallin, 254 F. Supp. 2d 52, 56 (D.D.C. 2003); see also 14D Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Juris. § 3826 (4th ed. 2019) (noting that most federal courts place burden of establishing venue as proper on plaintiff when defendant has made proper objection). "To prevail on a motion to dismiss for improper venue," however, "the defendant must present facts that will defeat the plaintiff's assertion of venue." Khalil v. L-3 Commc'ns Titan Grp., 656 F. Supp. 2d 134, 135 (D.D.C. 2009). "Unless there are pertinent factual disputes to resolve, a challenge to venue presents a pure question of law." Williams v. GEICO Corp., 792 F. Supp. 2d 58, 62 (D.D.C. 2011).

### III. Analysis

G4S bases its Motion on two grounds: insufficient service of process and improper venue. The Court considers each in turn.

#### A. Service of Process

As a preliminary matter, the Court must address what procedural rules govern service of process here. Defendant's Motion evaluates service under the Federal Rules of Civil Procedure.

3

See MTD at 2–3. This is erroneous because Plaintiff attempted service prior to the removal of the case. As a result, the rules of Superior Court control. See Magowan v. Lowery, 166 F. Supp. 3d 39, 65 (D.D.C. 2016) (looking at Superior Court service rules in removed case). The distinction is, to some extent, trivial because the Federal Rules allow for service to be effectuated if the applicable state rules are followed. See Fed. R. Civ. P. 4(h)(1)(A); see also Fed. R. Civ. P. 4(e)(1).

That is the case here as Plaintiff has indeed properly effectuated service pursuant to D.C. law. According to D.C. Rule of Civil Procedure 4(h)(1)(A), a corporation may be served in the same manner as an individual — which includes the service-of-process options of certified mail or first-class mail as outlined in D.C. Rules 4(c)(4) and 4(c)(5). Contrary to Defendant's characterization, these two subsections are not separate requirements for service, but rather separate options for service. D.C. Rule 4(c)(4) prescribes that a defendant "may be served by mailing a copy of the summons, complaint, [and] Initial Order . . . to the person to be served by registered or certified mail, return receipt requested." When service is conducted in accordance with this subsection, there is an additional requirement of a signed affidavit under D.C. Rule 4(*l*)(1)(B). Defendant nonetheless contends that process is insufficient because there was no return envelope with pre-paid postage received. See MTD at 3. Yet, this is only a requirement for service by first-class mail under D.C. Rule 4(c)(5). As Plaintiff sent the relevant documents via certified mail to G4S, see Pl. Opp., ¶ 3, the return-envelope requirements of D.C. Rule 4(c)(5) are not relevant. Defendant has already conceded that it received the Summons, Complaint, and Initial Order. See MTD at 3. Plaintiff's Opposition, furthermore, shows that the service of process met the other requirements: there was a return receipt — which proves G4S received and signed for the mail — and Plaintiff signed an affidavit that meets the required

specifications of D.C. Rule 4(*l*)(1)(B).  See Receipt at 1–2.  Plaintiff has therefore fulfilled the requirements for service in the District of Columbia.

B.  Venue

G4S next contends that, even if service was proper, the case should be dismissed for improper venue.  In deciding this question, the Court first discusses what venue facts it may consider before turning to the merits.

1.  *Inclusion of Venue Facts*

Plaintiff's Complaint is devoid of facts that establish D.C. as the proper venue for this suit.  His Opposition, however, specifically alleges that the events in question occurred here.  See Pl. Opp., ¶ 9.  The key inquiry, accordingly, is whether the Court can consider the facts contained in the Opposition in evaluating Defendant's Motion to Dismiss.  While a motion to dismiss is normally only analyzed based upon the complaint and attachments hereto, see Crawford v. Duke, 867 F.3d 103, 108 (D.C. Cir. 2017), motions to dismiss for improper venue are an exception to this rule.  See Artis v. Greenspan, 223 F. Supp. 2d, 149, 152 (D.D.C. 2002) ("A court may consider material outside of the pleadings in ruling on a motion to dismiss for lack of venue.").  Specifically, the Court "may consider material outside the pleadings, including undisputed facts evidenced in the record."  Bell v. United States, 2019 WL 1427246, at *4 (D.D.C. Mar. 29, 2019); see also Brown v. Whole Foods Mkt. Grp., Inc., 789 F.3d 146, 152 (D.C. Cir. 2015) (holding that evaluation of a *pro se* litigant's claim must take into account facts included in the response to a motion to dismiss).  Plaintiff's assertions in his Opposition are, at least at this point, uncontested facts in the record.  It is true that Defendant makes a blanket objection to the addition of facts stating, "G4S objects to any of the allegations that were not pled in Plaintiff's Complaint, as the appropriate vehicle for asserting new facts is through an amended

5

pleading." ECF No. 12 (Defendant Reply) at 2. Yet, G4S has not objected to the veracity of the specific facts at issue. The Court will therefore consider all facts in the record — including those in Plaintiff's Opposition — in its venue analysis.

    2. *Merits*

If the Court looks at the entire record, Alridge has met his burden of showing that venue is proper. There are three bases for venue under 28 U.S.C. § 1391(b): (1) if it is the defendant's place of residence, (2) if it is the district where a substantial part of the events or omissions took place, and (3) if venue is not proper anywhere else, it may be proper wherever the defendant is subject to personal jurisdiction of the courts. Id.; see also Lemon v. Kramer, 270 F. Supp. 3d 125, 139 (D.D.C. 2017). As just mentioned, Plaintiff claims in his Opposition that "the incident took place in [D.C.]." Pl. Opp., ¶ 9. The record is otherwise devoid of details as to what this means — *e.g.*, where his employment with G4S occurred, where G4S maintained and sent the personnel file, and where the supposed discussion of the suspension records took place. As a result, Plaintiff's statement alleging that the events took place in D.C., while not robust or comprehensive, remains undefeated by any facts Defendant presents. Alridge has thus provided a reason as to why the District is the proper venue.

It is possible that a fuller explanation of the facts may demonstrate that venue does not lie here. It is also possible that another venue may be more appropriate. But G4S moves only for dismissal, not transfer. See MTD at 4. While Defendant may subsequently decide to seek transfer, the Court is in no position to weigh the merits of such an action at this stage.

## IV. Conclusion

For these reasons, the Court will deny Defendant's Motion to Dismiss. A separate Order so stating will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: July 8, 2019