UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COURTNEY T. ALRIDGE, <br><br> Plaintiff, <br><br> v. <br><br> G4S SECURE SOLUTIONS (USA), INC., <br><br> Defendants. | Civil Action No. 19-1360 (JEB) |

**MEMORANDUM OPINION**

*Pro se* Plaintiff Courtney Alridge's suit alleges that his then-employer, Defendant G4S Secure Solutions, torpedoed his application for a position with the United States Secret Service by disclosing false information about his workplace discipline. In now moving for summary judgment, G4S contends that any disclosure was both true and privileged. Agreeing that Alridge has not cleared the numerous hurdles a defamation claim such as his requires, the Court will grant the Motion.

**I.      Background**

On April 17, 2019, Alridge filed a single-paragraph, handwritten Complaint against G4S, which states in full:

> Good morning, G4S was negligent with my employee work file. They put false suspension papers in my file and when I was getting a background check done for the United States Secret Service they presented the suspension papers to my investigator and stated they were true. I found out about the papers from my investigator who is a third party. This cost me emotional distress, its defaming me, and cost me the position and will cost me future earnings. I was never suspended.

ECF No. 3 (Notice of Removal Errata), Exh. A at 4 (Complaint); see also ECF No. 11 (Plaintiff's Opposition), Exh. B (more legible copy of Complaint).  He requests $80,000 in damages.  Id.

Although the Court addresses a few disputed facts in Section III, *infra*, many basic ones related to his tenure and work history are undisputed.  For example, Alridge "began his employment with G4S as a Security Officer assigned to G4S'[s] Medimmune Site in Gaithersburg, Maryland," on March 1, 2017.  See ECF No. 24 (Def. MSJ) at 3, ¶ 3; ECF No. 26 (Pl. Opp.) at 6, ¶ 3.  He was late reporting for duty no fewer than eight times in his first couple of months or so on the job.  See Def. MSJ at 4–6, ¶¶ 4–16; Pl. Opp. at 6–7, ¶¶ 4–16.  Nor was this any mystery to Alridge, as he signed the disciplinary notices and wrote in acknowledgments of error.  See, e.g., Def. MSJ, Att. 2 (Def. Exhibits) at ECF p. 16 ("There is no excuses [*sic*] for my tardiness."); id. at ECF p. 18 ("I'll do my best to make sure nothing happens again."); id. at ECF p. 20 ("I had no control but I'll continue to do better.").  He was thereafter transferred to a worksite nearer his home, but his punctuality did not improve.  See Def. MSJ at 6, ¶ 17; Pl. Opp. at 7, ¶ 17.  In fact, he was untimely on another six occasions through September 14, 2017.  See Def. MSJ at 6, ¶¶ 17–22; Pl. Opp. at 7, ¶¶ 17–22.  Again, he fully acknowledged his lapses.  See, e.g., Def. MSJ, Exhs. at ECF p. 22 ("Please excuse my actions.  Will put forth a better effort.").  Although he received multiple written disciplinary notices, some of which recommend suspension, he was never actually suspended.  See Def. MSJ at 4–7, ¶¶ 4–23; Pl. Opp. at 6–7, ¶¶ 4–23.

At some point — which, in his briefing, Plaintiff claims was in September 2015 — Alridge applied for a job with the Secret Service.  See Def. MSJ at 7, ¶ 24; Pl. Opp. at 7, ¶ 24.  In his deposition, conversely, he averred that he could not remember how many times he had applied to the USSS, but it could have been more than ten.  See Def. MSJ, Att. 1 (Deposition of

Courtney Alridge) at 111:9–22.  He received a letter of rejection from the USSS on April 19, 2018, see Pl. Opp. at 8, ¶ 1, which he attributes to G4S's informing the Secret Service's investigator that it had suspended him for tardiness.  Id. at 7, ¶ 30.  He ended up staying on at G4S until November 2019, when he voluntarily resigned.  See Def. MSJ at 9, ¶ 36; Pl. Opp. at 8, ¶ 36.

After the Court denied G4S's Motion to Dismiss on the grounds of insufficient service of process and improper venue, see ECF Nos. 13–14 (Mem. Op. & Order), the case proceeded to discovery, and the parties have now cross-moved for summary judgment.  See ECF Nos. 24 (Def. MSJ), 27 (Pl. MSJ).

**II.    Legal Standard**

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986); Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006).  A fact is "material" if it is capable of affecting the substantive outcome of the litigation.  Liberty Lobby, 477 U.S. at 248; Holcomb, 433 F.3d at 895.  A dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Scott v. Harris, 550 U.S. 372, 380 (2007); Holcomb, 433 F.3d at 895.  "A party asserting that a fact cannot be or is genuinely disputed must support the assertion" by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).

When a motion for summary judgment is under consideration, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  Liberty

Lobby, 477 U.S. at 255; see also Mastro v. PEPCO, 447 F.3d 843, 850 (D.C. Cir. 2006); Aka v. Wash. Hosp. Ctr., 156 F.3d 1284, 1288 (D.C. Cir. 1998) (*en banc*).  On a motion for summary judgment, the Court must "eschew making credibility determinations or weighing the evidence." Czekalski v. Peters, 475 F.3d 360, 363 (D.C. Cir. 2007).

**III.    Analysis**

The thrust of Alridge's suit is that G4S defamed him by falsely telling the Secret Service investigator that Plaintiff had been suspended for his tardiness, when in actuality he had only been warned but never actually suspended.  To state a claim for defamation under D.C. law, a plaintiff must show: "(1) that the defendant made a false and defamatory statement [about him]; (2) that the defendant published the statement without privilege to a third party; (3) that the defendant's fault in publishing the statement amounted to at least negligence; and (4) either that the statement was actionable as a matter of law irrespective of special harm or that its publication caused the plaintiff special harm."  Oparaugo v. Watts, 884 A.2d 63, 76 (D.C. 2005) (quoting Crowley v. North Am. Telecomms. Ass'n, 691 A.2d 1169, 1173 n.2 (D.C. 1997)).  Plaintiff comes nowhere close to establishing a jury question on a number of these prongs.

For starters, there is no admissible evidence that G4S ever actually made a statement to the Secret Service investigator in the first place.  There is no testimony from either the purported investigator or Defendant admitting this point.  All we have is Plaintiff's hearsay statement that the investigator (never named) told him that someone at G4S (never identified) told the investigator about a purported suspension.  See Alridge Depo. at 120:7–122:2.

Even assuming that this is not inadmissible hearsay, drilling down more closely reveals what actually occurred, at least according to Plaintiff.  The investigator apparently showed Alridge the disciplinary documents memorializing his late arrivals, which must have been

produced by G4S.  Id. at 120:17–20 ("[The investigator] mentioned, you know, when he came to me with the tardies from Medimmune [the worksite] . . . ."); Pl. Opp., Exh. E (Plaintiff's unsworn and undated letter) ("When my investigator showed up to my current worksite . . . [, he] proceeded to show me paper work that said I had been suspended.").

     Yet, there is no dispute that the documents memorializing his discipline are entirely true.  Those documents manifest that he was repeatedly late and that he was recommended for suspension on several occasions.  See Def. MSJ, Exhs. at ECF p. 16 (checking box labeled "Suspension for 1 days"); ECF p. 17 (checking box labeled "Suspension for 2 days"); ECF p. 18 (checking box labeled "Suspension for 5 days").  Plaintiff's only quibble is that he was not actually suspended; as a result, the documents recommending suspension are somehow false.  Yet, the official who filled out the forms was setting out true information and offering his recommendation; that the company generously did not impose discipline does not render the recommendation invalid or false.  In order for Alridge to create a jury question, he would have to produce some evidence that something false was given to the investigator.  As he has not done so, he is out of luck, since "truth is an absolute defense" to a defamation claim.  Moss v. Stockard, 580 A.2d 1011, 1022 (D.C. 1990).

     Given that G4S prevails on these points, the Court need not address its defense of qualified privilege, which employers may invoke relating to good-faith communications to an interested party.  See Crowley, 691 A.2d at 1173.  Yet, as this is a defense that needs to be proved, id., and G4S has not even acknowledged talking to an investigator, the Court is dubious that Defendant could rely on it.

## IV.  Conclusion

For these reasons, the Court will grant Defendant's Motion for Summary Judgment and deny Plaintiff's.  A separate Order so stating will issue this day.

/s/ <i>James E. Boasberg</i>
JAMES E. BOASBERG
United States District Judge

Date:  April 30, 2020